## FURBISH *versus* ROBERTS.

To authorize the arrest of the body under R. S., c. 148, § 2, the certificate must set forth that the debtor is *possessed* of property or means exceeding the amount required for his own immediate support, and that he is about to take with him *such property or means* and reside beyond the limits of the State.

An omission of either may avail the defendant on motion.

ON EXCEPTIONS to the ruling of HOWARD, J.

This was an action on a contract. The service of the writ was by an arrest of the body of defendant.

Upon the back of the writ was a certificate of a justice in these words : —

"Cumberland, ss. August 2, 1854. I do hereby certify that Nehemiah T. Furbish, the creditor and plaintiff within named, personally appeared and made oath that he has reason to believe, and does believe that Andrew Roberts, the defendant and debtor within named, is about to depart and reside beyond the limits of this State, and take with him property and means exceeding the amount required for his own immediate support, and that the demand within mentioned and described, or the principal part thereof, amounting to at least ten dollars, is due to said Furbish and unpaid."

At the return term the defendant appeared specially, and on the second day submitted a motion in writing to dismiss the action for want of a legal service ; for want of jurisdiction in the Court, and because the certificate was defective.

That motion was overruled and defendant excepted.

*Fessenden* and *Butler*, in support of the exceptions.

*Gerry*, contra.

RICE, J. — It was decided by this Court in *Bramhall* v. *Seavey*, 28 Maine, 45, that the word "with" used in the following extract from § 2, c, 148, R. S., "when he is about to depart, and reside beyond the limits of this State with

property or means," must have been used in the sense of having or owning property or means, and not as indicating that he was about to take his property with him beyond the limits of the State.

The intention of the statute is, to authorize the arrest of a debtor, who is the owner of property or means exceeding the amount required for his own immediate support, and who is about to depart and reside beyond the limits of the State, and to take with him the property or means aforesaid, that is, the property or means of which he is the owner.

The affidavit in this case does not allege that the defendant is about to depart and reside beyond the limits of the State, *with* property or means, &c., that is, *having* or *owning* property, or means, &c., and to take the same with him, but simply, that he is about to depart and reside beyond the limits of the State, and to take with him property and means exceeding the amount required for his own immediate support. But who was the owner of the property which it is alleged he was to take with him does not appear. Therein the affidavit is defective, and for that reason the motion of the defendant must prevail.

*Exceptions sustained and action dismissed.*